IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NTCH, Inc. and PTA-FLA, Inc., ) | |
| ) | |
| Petitioners, ) | C/A No.: 3:15-3631-TLW |
| ) | |
| vs. ) | |
| ) | |
| Huawei Technologies USA, Inc., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**OPINION AND ORDER**

The Petitioners, NTCH, Inc. and PTA-FLA, Inc. (collectively "Petitioners"), initiated this action against the Respondent, Huawei Technologies USA, Inc. ("Respondent" or "Respondent Huawei"), on September 8, 2015 seeking to vacate an arbitration award pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. (Doc. #1).  Respondent filed a response opposing Petitioners' motion to vacate, and further moved the Court to confirm the arbitration award pursuant to Section 9 of the FAA.  (Doc. #4).  For the reasons set forth below, the Court grants Respondent's motion to confirm the arbitration award (Doc. #4), and denies Petitioners' motion to vacate (Doc. #1).

**FACTUAL AND PROCEDURAL BACKGROUND**

A related case involving Petitioners and Respondent was previously before this Court for consideration of a Motion for Preliminary Injunction filed by Petitioners and, in response, a Motion to Compel Arbitration filed by Respondent.  (Case No. 3:14-cv-01312-TLW).  In that matter, after conducting a hearing, this Court issued an Order on July 2, 2014 ("July 2014 Order") granting Respondent's motion to compel arbitration, denying Petitioners' motion for

preliminary injunction, and ordering the parties to arbitrate their dispute.[1] (See Case No. 3:14-cv-01312-TLW; Doc. #24). Respondent Huawei made claims for breach of contract based on the nonpayment of orders placed pursuant to the Supply Contract for equipment in the amount of $313,042.78; software licenses in the amount of $249,401.11; and for professional services in the amount of $598,000.00, for a total amount of $1,160,443.89, in addition to attorneys' fees, costs and expenses. (Doc. #1-2 at 4 ¶ 4).

The Arbitration was commenced by Respondent Huawei in February of 2014. On April 21, 22 and 23, 2015, Petitioners and Respondent[2] participated in a commercial arbitration proceeding before the American Arbitration Association ("AAA"), Case No. 50 20 1400 0172 (hereinafter "the Arbitration Proceeding"). (Doc. #1). The Arbitration Proceeding was held before a panel of three mutually agreed upon arbitrators (hereinafter the "Arbitration Panel") in Atlanta, Georgia, pursuant to the arbitration provision in the parties' Supply Contract, as well as this Court's July 2014 Order compelling arbitration. (See Doc. #1).

Following full briefing and three days of arbitration, the Arbitration Panel unanimously found in favor of the Respondent Huawei in the breach of contract action, and awarded a total of $2,015,845.57 to Respondent in two written awards, issued on June 19, 2015 and August 18, 2015 respectively. (Docs. #1-2; #1-8). In the first award, captioned "Partial Final Award of Arbitrators, Save Calculation of Attorney's Fees and Expenses and Interest, and Allocation of Arbitration Expenses," the Arbitration Panel unanimously found Petitioners jointly and severally liable to Respondent Huawei for breach of the Supply Contract, and awarded Respondent

---

[1] The prior case before this Court was initiated by the Petitioners in response to Respondent Huawei's commencement of an arbitration proceeding with the AAA. (Case No. 3:14-cv-01312-TLW). In that case, the Petitioners in the instant case sought to enjoin the previously filed arbitration proceeding. Id.
[2] Respondent Huawei was the Claimant in the Arbitration Proceeding.

$1,160,443.89 for "actual damages for the amounts due and owing on all unpaid invoices." (Doc. #1-2 at 7 ¶ a). The second and "Final Award of Arbitrators" awarded Respondent Huawei additional sums for attorneys' fees and other fees and expenses. (Doc. #1-8). As noted, the Arbitration Panel awarded Respondent Huawei a total of $2,015,845.57.

## LEGAL STANDARD OF REVIEW: MOTION TO VACATE ARBITRATION AWARD

Following the issuance of the Arbitration Award finding in favor of Respondent Huawei, Petitioners filed the instant action moving this Court to vacate the "Partial Final Award of Arbitrators and Final Award of Arbitrators" (hereinafter collectively referred to as the "Arbitration Award"), issued in the Arbitration Proceeding, Case No. 50 20 1400 0172. (See Docs. #1; #1-1 at 1). Petitioners assert that this Court "should vacate the [Arbitration] Award because the arbitral tribunal [] exceed their powers (sic) and manifestly disregarded the law." (Doc. #1-1 at 1).

Section 10 of the FAA provides that a United States Court may vacate an arbitration award for the following limited grounds: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." FAA, 9 U.S.C. § 10. The Fourth Circuit has cautioned that courts should be "hesitant to read any of § 10's grounds for vacatur too broadly." Wachovia Sec., LLC v. Brand, 671 F.3d at 478.

In addition, a reviewing court may vacate an arbitration award based on the assertion that the arbitrator acted in manifest disregard for the law where: "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[] refused to heed that legal principle." Wachovia Sec., LLC, 671 F.3d at 483. The Fourth Circuit Court of Appeals has held that, "[w]hether manifest disregard is a 'judicial gloss' or an independent ground for vacatur, it is not an invitation to review the merits of the underlying arbitration." Id.

The scope of review of an arbitrator's decision is "substantially circumscribed" and is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010). "A court sits to 'determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'" Wachovia Sec., LLC v. Brand, 671 F.3d 472, 478 (4th Cir. 2012) (quoting U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO, 204 F.3d 523, 527 (4th Cir. 2000)). Indeed, the United States Supreme Court has held that "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987); see also MCI Constructors, 610 F.3d at 700. Thus, a party challenging an arbitration award "must clear a high hurdle. It is not enough . . . to show that the [Arbitration Panel] committed an error—or even a serious error. It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." Cent. W.

Virginia Energy, Inc. v. Bayer Cropscience LP, 645 F.3d 267, 272 (4th Cir. 2011) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)).

As discussed below, Petitioners in the instant case seek to vacate the Arbitration Award based on allegations that the Arbitration Panel "ignored applicable law by both failing to apply the applicable statute of limitations and also by awarding attorneys' fees to [Respondent]." (Doc. #1-1 at 2).

## DISCUSSION: MOTION TO VACATE ARBITRATION AWARD

Petitioners essentially argue two grounds upon which to vacate the Arbitration Award: (1) the arbitration panel manifestly disregarded the law in connection with its application of the four-year statute of limitations period applicable to breach of contract actions under Texas law in connection with one invoice; and (2) the arbitration panel manifestly disregarded the law and exceeded its authority in making its award of attorneys' fees.

### A.   THE '546 INVOICE: STATUTE OF LIMITATIONS

First, Petitioners argue that the Arbitration Panel manifestly disregarded the law when it concluded that the applicable four-year statute of limitations period was not a valid defense to Respondent Huawei's claim for breach of contract in connection with the nonpayment of Invoice #US1100546 for software licenses (the '546 Invoice; issued on 3/18/2011).[3]

Petitioners raised the statute of limitations defense only with regard to the '546 Invoice, pursuant to which Respondent Huawei sought to recover $249,401.11 for nonpayment and breach of contract. The Arbitration Panel considered the defense in light of the applicable law and the parties' Supply Contract, and ultimately concluded that the limitations period had not run

---

[3] The parties agree that, under Texas law, the statute of limitations for a breach of contract action is four years. See Advent Trust Co. v. Hyder, 12 S.W.3d 534, 539 (Tex. App. 1999) (citing Tex. Civ. Prac. & Rem. Code § 16.004).

5

for the claim.  (Doc. #1-2).  In the Partial Award issued by the Panel on June 19, 2015, the Arbitrators specifically noted that Petitioners in the instant case "raise the affirmative defense of statute of limitations, laches and unclean hands."  (Doc. #1-2 at 4 ¶ 5).  Despite those arguments, the Panel concluded that "[t]he affirmative defenses asserted by [Petitioners in the instant case] fail in law and fact, since this arbitration was commenced for the payment of the earliest invoice *easily* within Texas law's limitation period, and the evidence is found to not support a finding that [Respondent Huawei] was guilty of laches or of unclean hands."  (Doc. #1-2 at 5 ¶ 7 (emphasis added)).

Petitioners submitted to the Arbitration Panel a request for reconsideration of this precise issue following the issuance of the Partial Award.  (Doc. #1-5). The Arbitration Panel did not change its original conclusion on reconsideration.  During the May 4, 2016 hearing before this Court, counsel for Petitioners conceded that the statute of limitations issue was raised to the Arbitration Panel and was explicitly considered by the arbitrators during the Arbitration Proceeding and in the written Partial Award, as well as on reconsideration.  After careful consideration, the Court concludes the Arbitration Panel did not manifestly disregard the law in rejecting Petitioners' statute of limitations defense as to the '546 Invoice.  The Court finds that the Panel's statute of limitations determination, in the context of this case and the Invoice at issue, constitutes a factual determination by the Arbitration Panel subject to limited review by this Court.

Furthermore, Texas law supports the conclusion reached by the Panel and Respondent Huawei's argument.  Petitioners argue that, in a breach of contract action under Texas law, the four-year statute of limitations begins to run upon delivery of goods.  However, Respondent

Huawei asserts that Texas law on breach of contract claims provides that the statute begins to run upon demand for payment, rather than when the goods are delivered. (Doc. #4 at 10). Therefore, Respondent Huawei asserts, the four-year period began to run on March 18, 2011, the date the '546 Invoice was issued (the demand for payment), and the commencement of arbitration in February 2014 was within the four-year statute of limitations. (Doc. #4 at 9).

Under Texas law, "[a] cause of action for the breach of a promise to pay usually arises when demand for payment had been made and refused." Intermedics, Inc. v. Grady, 683 S.W.2d 842, 845 (Tex. App. 1984), writ refused NRE (Apr. 24, 1985). Although, as Petitioners assert, Article 4 of the Supply Contract states that Petitioners were to "remit twenty percent (20%) of payment to [Respondent] in advance of delivery of equipment with the remaining eighty percent (80%) to be paid to [Respondent] upon delivery of equipment," (Doc. #1-11) the parties' course of dealing and course of performance may be considered under Texas law for statute of limitations purposes. See Rusk Cty. Elec. Co-op., Inc. v. Flanagan, 538 S.W.2d 498, 500 (Tex. App. 1976), writ refused NRE (Oct. 13, 1976) ("The previous course of dealing between [Defendant] and [Plaintiff] did not require payment upon delivery.").

Here, the Arbitration Panel made a factual determination regarding when the statute of limitations began to run for the '546 Invoice claim, in light of the terms of the Supply Contract and the evidence presented regarding the parties' prior course of dealing. The precise timing of delivery or activation of the software licenses at issue was disputed during the arbitration proceeding. When dealing with the purchase and delivery of various software or software licenses (rather than traditional goods), which involve electronic delivery as well as various activation dates for the licenses and other requirements, the Arbitration Panel hearing the case is

in the best position to evaluate the evidence presented to determine when the payment became due and when the statute of limitations began to run. The Court finds that the Arbitration Panel did not manifestly disregard the law in concluding that the four-year statute of limitations period: (i) began to run on March 18, 2011 for Invoice '546; and (ii) had not run on Respondent Huawei's claim against Petitioners for breach of contract due to nonpayment of Invoice '546.

Moreover, regardless of the Arbitration Panel's interpretation of the contract in connection with the statute of limitations, binding case law dictates that "neither misinterpretation of a contract nor an error of law constitutes a ground on which an [arbitration] award can be vacated." MCI Constructors v. City of Greensboro, 610 F.3d 849, 862 (4th Cir. 2010) (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 193–94 (4th Cir. 1998)). The Fourth Circuit has held that "'[a]s long as the arbitrator[s] [are] even arguably construing or applying the contract,' as they were here, their awards will not be disturbed." MCI Constructors, 610 F.3d at 861 (quoting Norfolk & W. Ry. Co. v. Transp. Commc'ns Int'l Union, 17 F.3d 696, 700 (4th Cir. 1994)). Based on this record, the Court cannot conclude that the Arbitration Panel understood the law as having a meaning that they chose to ignore. See Wachovia Sec., LLC, 671 F.3d at 477.

Therefore, this Court finds that the Arbitration Panel did not manifestly disregard the applicable law in rejecting Petitioners' statute of limitations defense and awarding damages to Respondent Huawei for Petitioners' nonpayment of Invoice #US1100546. See id.

### B. AWARD OF ATTORNEYS' FEES

Petitioners assert two alternative arguments in connection with the award of attorneys' fees. First, Petitioners argue that the Arbitration Panel should have applied South Carolina law

(rather than Texas law) to the attorneys' fees question because it is a procedural (rather than substantive) issue, which, according to Petitioners, would render the full award of attorneys' fees invalid. (Doc. #1).  Second, Petitioners' assert that even if the Arbitration Panel properly applied Texas law or otherwise had the authority to award some amount of attorneys' fees, the amount awarded by the Arbitration Panel was excessive and in manifest disregard of the law.  After careful consideration, the Court concludes that the Arbitration Panel had the authority to award attorneys' fees and the amount of the Arbitration Panel's attorneys' fees award was not made in manifest disregard of the law.

On June 19, 2015, the Arbitration Panel issued the Partial Final Award ("Partial Award") in favor of Respondent.  (Doc. #1-1 at 1).  The Partial Award of the arbitrators specifically stated (and hence forewarned) that Petitioners "jointly and severally, shall additionally pay to [Respondent Huawei] its reasonable attorneys' fees and expenses, pursuant to the AAA Rules when all parties have sought attorneys' fees as they have here, and pursuant to Tex. Civ. Prac. & Rem. Code Sec. 38.001(8), the [Arbitration Panel] finding that [Respondent Huawei's] claim is for the breach of a written contract, and [Respondent Huawei] shall submit appropriate verified written evidence proving the reasonable attorneys' fees and expenses sought with a proper calculation of the award in this sub-paragraph by June 29, 2015, with [Petitioners] having until July 3, 2015 to file any objection."  (Doc. #1-2 at 7 ¶ c).

Following the issuance of the Partial Award, Respondent Huawei, as Claimant in the Arbitration Proceeding, submitted to the Arbitration Panel its "Claimant's Statement Regarding Interest, Fees and Expenses." (Doc. #1-1 at 2).  Petitioners then filed objections to the Respondent's Statement and request for interest, fees, and expenses.  The Arbitration Panel

9

explicitly considered the Petitioners' objections and arguments in relation to attorneys' fees. (Doc. #1-1 at 2). In addition, Petitioners requested reconsideration of the Arbitration Panel's Partial Award, in which the Panel had previously determined that the statute of limitations had not yet run for the particular Invoice for failure to pay an invoice made by the Respondent in the proceeding.  (Doc. #1-1 at 2). Overruling Petitioners' objections, and denying the request for reconsideration on the statute of limitations issue, the Arbitration Panel entered a Final Award of Arbitrators ("Final Award") on August 18, 2015, finding in favor of Respondent.

With regard to the choice of law issue and attorneys' fees, Petitioners attempt to discount the parties' joint stipulation in the Supply Contract itself, and stipulated to throughout the Arbitration Proceeding, that Texas law applies to the dispute.  Petitioners argue that the choice of Texas law pertained only to those issues involving "substantive" rather than "procedural" law.  However, this Court is not persuaded by Petitioners' argument.  The Court finds the Arbitration Panel's application of Texas substantive law in awarding attorneys' fees to Respondent Huawei to be reasonable.

As an initial matter, the Court notes that the issue of whether South Carolina law rather than Texas law should apply to the question of attorneys' fees was never raised to the Arbitration Panel by Petitioners.  Further, the Supply Contract at issue in the Arbitration Proceeding contains a "Choice of Law" provision that specifies Texas law controls any dispute arising under the contract.  The Arbitration Award specifically noted that attorneys' fees were recoverable under Texas law, which governed the Supply Contract.  Petitioners never objected to the application of Texas law until the argument was made to this Court in the instant case.  Petitioners' briefing filed in the Arbitration Proceeding demonstrates that Petitioners stipulated that Texas law applied

10

to all issues raised in the Proceeding. ("Governing Law" Section of Petitioners' Arbitration Briefing). In addition, the fact that Petitioners themselves also sought to recover for attorneys' fees can be viewed as a concession that the Arbitration Panel was with authority to award attorneys' fees.

While the Supply Contract itself is silent as to the issue, the Arbitration Panel noted that both parties requested attorneys' fees, and that the Panel was with authority to make an award pursuant to both Texas law and the applicable rules of the American Arbitration Association, which were both referenced and incorporated into the Supply Contract.[4] Texas law provides that attorneys' fees are available for a breach of contract action. See Tex. Civ. Prac. & Rem. Code § 38.001. Petitioners do not dispute that, if Texas law applies, the Arbitration Panel had the authority to award some amount of attorneys' fees. As noted, the Court finds that the Arbitration Panel did not act in manifest disregard of the law in applying Texas law to the fee issue. Section 38.001 of the Texas Civil Practice and Remedies Code is a broad attorney's fees statute:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract.

Tex. Civ. Prac. & Rem. Code Ann. § 38.001.

Moreover, Article 31 of the AAA's International Dispute Resolution Procedures states:

> The tribunal shall fix the costs of arbitration in its award. The tribunal may apportion such costs among the parties if it determines that such apportionment is reasonable, taking into account the circumstances of the case.
> Such costs may include: (d) the reasonable cost for legal representation of a

---

[4] The AAA Rule was amended and effective March 1, 2008, and was the Rule in effect at the time the December 2008 Supply Contract was executed. Section 18.2 of the Supply Contract incorporates the AAA Rules and states that disputes are to be "submitted to the American Arbitration Association for arbitration, under its rules as in force and effect on the date of this Contract." (Doc. #4-1 at 26, Art. 18.2).

11

successful party.

Article 31, AAA Int'l Dispute Resolution Procedures (amended & effective Mar. 1, 2008).

The Court finds that the Arbitration Panel did not exceed its authority or manifestly disregard the law in applying Texas law to the issue of an award of attorneys' fees.

Petitioner argues secondarily that, even if the Arbitration Panel had the authority to make an attorneys' fees award, the award in this case was excessive. After careful consideration, the Court finds that the attorneys' fees award was not excessive and that the Arbitration Panel did not manifestly disregard the law in awarding the fees.

Petitioners objected to the reasonableness of the fee requested by Respondent Huawei before the Panel entered its Final Award. (Doc. #1-8 at 4). As noted below, Petitioners' objections were not embraced by the Arbitration Panel. Petitioners now argue that Respondent Huawei is not entitled to recover attorneys' fees for defending against Petitioners' defenses and counterclaims. The Court finds that Texas law provides a basis for the fee award to Respondent Huawei for defeating Petitioners' claims and defenses, and that the Arbitration Panel did not manifestly disregard the law. See Brockie v. Webb, 244 S.W.3d 905, 909 (Tex. App. 2008) ("[I]f the plaintiff's breach of contract claim and the defendant's counterclaim arise from the same transaction and the same facts required to prosecute the claim are required to defend against the counterclaim, then attorney's fees may be appropriate."); see also Hooker v. Constellation Homebuilder Systems, Inc., No. Civ. A. V-06-77, 2008 WL 4057909, at *5 (S.D. Tex. Aug. 26, 2008). The Court finds that the evidence presented to further Respondent Huawei's breach of contract claim in the arbitration proceeding arose out of the same essential facts.

Moreover, the Panel specifically stated in the Final Award of the Arbitrators that the "Tribunal has duly considered [Petitioners'] several objections [to the attorneys' fees] but it is not persuaded that there are sufficient grounds for changing or eliminating the above amount [of $546,754.80], the amount which should be awarded by it [to Respondent Huawei] as attorneys' fees." (Doc. #1-8 at 3–4 ¶ 5). The Arbitration Panel expressly found that the amount of attorneys' fees requested and awarded was "reasonable," and explicitly considered and rejected the objections to Respondent Huawei's submissions with regard to the requested amount of attorneys' fees. (Doc. #1-8 at 4 ¶ 5). Additionally, given the Court's conclusion that the Panel had the authority to award attorneys' fees, the Court declines to consider the reasonableness line by line of what has already been considered and deemed a proper amount of attorneys' fees by the Arbitration Panel. See MCI Constructors v. City of Greensboro, 610 F.3d 849, 862–63 (4th Cir. 2010) ("It is well settled that arbitrators are not required to disclose the basis upon which their awards are made and courts will not look behind a lump-sum award in an attempt to analyze their reasoning process." (collecting cases)). Additionally, Petitioners have made no persuasive line by line argument showing that the attorneys' fees awarded in the Arbitration Proceeding were not reasonable.

For the reasons stated herein, the Court concludes the Arbitration Panel did not exceed the scope of its authority, did not manifestly disregard the law in making an award of attorneys' fees, and that the amount awarded was reasonable.

## MOTION TO CONFIRM ARBITRATION AWARD

Respondent Huawei moves this Court to confirm the Arbitration Award at issue in this case. (Doc. #4). Section 9 of the Federal Arbitration Act provides in relevant part that "any

party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9 (emphasis added); see also Apex Plumbing Supply, 142 F.3d at 193.

As discussed above, the Court finds no basis to vacate, modify, or correct the Arbitration Award.  Accordingly, the Court concludes that the Arbitration Award should be confirmed pursuant to the FAA, 9 U.S.C. § 9.

## CONCLUSION

After careful consideration, **IT IS ORDERED** that the Petitioners' Motion to Vacate the Arbitration Award (Doc. #1) is hereby **DENIED**; the Respondents' Motion to Confirm the Arbitration Award (Doc. #4) is hereby **GRANTED**; and the above-captioned case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

June 23, 2016
Columbia, South Carolina